IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-CR-151 (Varlan / Shirley) |
| CHARLES ELDER, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on April 16, 2008, for a hearing on the merits of Charles Elder's *pro se* motion for new counsel, filed by letter as [Doc. 16]. Charles Elder was present. At that hearing, the motion was granted and the Court appointed Attorney Douglas Trant to represent Mr. Elder for the remainder of the case. Assistant United States Attorney David Lewen was present on behalf of the United States.

At the conclusion of that hearing, Attorney Trant made an oral motion to continue the trial date in order to adequately familiarize himself with the case and consult with Mr. Elder. Attorney Trant will need time to conduct a factual investigation, identify and develop any defenses available to Mr. Elder and prepare for the trial. In addition, Attorney Trant may determine that issues should be raised through the filing of pretrial motions. Attorney Trant will require time to make that assessment, and to prepare and file any such pretrial motions, if appropriate.

AUSA Lewen agreed that a trial continuance is appropriate in light of the need to replace Mr. Elder's counsel.

The Court finds that failure to grant a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, despite the exercise of due diligence, as provided in the Speedy Trial Act at 18 U.S.C. § 3161 (8)(B)(iv). The Court finds that a failure to grant a continuance of the trial would also be likely to make the proceeding impossible, or, alternatively, would result in a miscarriage of justice because Mr. Elder's counsel would not have adequate time to prepare his defense at any time sooner that the new trial date of June 11, 2008. See 18 U.S.C. § 3161 (8)(B)(I). The Court also finds that failure to grant a continuance would deny Mr. Elder reasonable time to obtain replacement counsel after granting his motion for new counsel. 18 U.S.C. § 3161 (8)(B)(iv). For these reasons, the Court agrees with the parties that the ends of justice served by granting a continuance in this case outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

IT IS ORDERED:

> (1) Attorney Trant's oral motion to continue is **GRANTED**, and the trial of this case is reset to commence on **June 11, 2008, at 9:00 a.m.** before the Honorable Thomas A. Varlan, United States District Judge.
>
> (2) The deadline for filing pretrial motions is extended to **May 16, 2008**.
>
> (3) Responses to those motions will be due on or before **May 30, 2008**.
>
> (4) This Court will conduct a pretrial conference on **June 4, 2008, at 10:30 a.m.** If there are pretrial motions pending disposition, the Court will conduct a hearing on such motions at the date and time of the pretrial conference and the parties should be prepared to address the trial date at that time.

The Court finds, and the parties agree, that the time between the filing of Mr. Elder's motion for new counsel on **April 8, 2008**, and the new trial date of **June 11, 2008**, is fully excludable from operation of the Speedy Trial Act for the reasons set forth above.  See 18 U.S.C. § 3161(h)(1)(F) and (B)(I).

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge