UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-151 |
| | ) | (VARLAN/SHIRLEY) |
| CHARLES E. ELDER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The defendant, Charles E. Elder ("Defendant"), is charged with one count of possessing with intent to distribute five (5) grams or more of a mixture and substance containing cocaine base, also known as "crack," on and within 1,000 feet for the real property of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 860. [*See* Doc. 24.] Defendant filed a motion to suppress [Doc. 22] all evidence obtained as a result of a search on or about September 28, 2007, on the grounds that the evidence he seeks to suppress was seized after an illegal arrest.

Following an evidentiary hearing on the motion to suppress on June 2, 2008, and the filing of supplemental briefs, Magistrate Judge C. Clifford Shirley filed a report and recommendation ("R&R") [Doc. 40], in which he recommended that the motion to suppress be denied. This matter is before the Court on Defendant's objections [Doc. 41] to the R&R.

# I.  STANDARD OF REVIEW

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which Defendant has objected.  In doing so, the Court has carefully considered Magistrate Judge Shirley's R&R [Doc. 40], the underlying briefs [Docs. 23, 29, 34, 36], the parties' briefs regarding the pending objections [Docs. 41, 44], the transcript of proceedings before Magistrate Judge Shirley [Doc. 37], and exhibits presented. [*See* Doc. 32.]  For the reasons set forth herein, the Court will overrule Defendant's objections, and the motion to suppress will be denied.

# II.  ANALYSIS

## A.  Objection 1: Credibility Finding as to Officer J.D. Sisk

In his objection, Defendant objects to Magistrate Judge Shirley's credibility finding as to Officer J.D. Sisk ("Officer Sisk") who testified that he patted the Defendant down and felt cocaine-type substances before searching him.  Defendant contends that the police cruiser video shows that Officer Sisk failed to do a pat-down and, rather, went immediately into Defendant's pocket and seized the items sought to be suppressed.  Defendant further contends that Officer Sisk did so even after Defendant refused consent to be searched, so this was not a *Terry* frisk.  The Government responds that it agrees with Magistrate Judge Shirley's findings, analysis, and conclusions.  The Government further encourages the Court to wholly adopt Magistrate Judge Shirley's R&R.

In the R&R, Magistrate Judge Shirley found:

> Once outside of Weigel's, Officer Sisk conducted a pat down search of Defendant, which was not recorded on Sergeant Taylor's video camera, but this Court finds Officer Sisk's testimony on this issue unimpeached and credible.

[Doc. 11 at 11.] After reviewing the record, the Court finds no error with Magistrate Judge Shirley's factual findings regarding the pat-down search. The Court finds that Officer Sisk's account of events is consistent with the police cruiser video. At the suppression hearing, Officer Sisk testified that he "[f]elt a large bundle in [Defendant's] pocket with some kind of rock like substance on top of the bundle" after patting down Defendant's left pocket and then asked for consent to search the Defendant. [Doc. 37 at 26.] At approximately 19:14:33 in the video, Defendant first appears on the police cruiser video in handcuffs and accompanied by Officer Sisk. [Docs. 32, Exhibit 3; 37 at 26.] Consistent with Officer Sisk's testimony that he asked Defendant for consent to search his person, Defendant and Officer Sisk are seen engaging in a dialogue from approximately 19:14:37 to approximately 19:15:01.[1] [Docs. 32, Exhibit 3; 37 at 26.] Starting at approximately 19:15:03 and again consistent with the hearing testimony, Officer Sisk searched Defendant's left pocket. [Docs. 32, Exhibit 3; 37 at 26.] The consistencies between Officer Sisk's account of events and the police cruiser video lend credibility to Officer Sisk's testimony regarding off-camera activity.

Though Defendant contends that the police cruiser video shows that Officer Sisk unlawfully "went immediately into the defendant's pocket and seized the items which we

---

[1]The audio portion of the police cruiser video begins at approximately 19:29:52.

now seek to suppress," Officer Sisk's actions do not necessarily indicate that he failed to perform a pat down search out of camera range. [Doc. 41 at 1-2.] Out of Defendant's multiple pockets, Officer Sisk first searched Defendant's left pocket, consistent with Officer Sisk's testimony that he already had knowledge of a "bundle" in Defendant's left pocket from the off-camera pat down search. Thus, the mere fact that the police cruiser video shows Officer Sisk immediately searching Defendant's left pocket does not alter the Court's view of Officer Sisk's credibility. For these reasons, the Court finds Officer Sisk credible and accepts Magistrate Judge Shirley's finding that a pat-down search occurred off-camera. Accordingly, Defendant's objection is **OVERRULED**.

### B.    Objection 2: Reckless Driving Finding

Defendant objects to Magistrate Judge Shirley's finding that he committed reckless driving. He contends that the offense, if any, would have been a civil violation for which he could not have been arrested. Thus, Defendant contends that the search was not incident to a lawful arrest. The Government responds that it agrees with Magistrate Judge Shirley's findings, analysis, and conclusions. The Government further encourages the Court to wholly adopt Magistrate Judge Shirley's R&R.

Under Tennessee law, an officer "may, without warrant, arrest a person: (1) For a public offense committed or a breach of the peace threatened in the officer's presence." Tenn. Code Ann. § 40-7-103. Tennessee's reckless driving statute provides that "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving," a misdemeanor. Tenn. Code Ann. § 55-10-205(a).

4

Defendant contends that his alleged speeding was a mere municipal code civil violation and that Officer Sisk, thus, lacked probable cause to make a warrantless arrest under Tennessee law. *See* Tenn. Code. Ann. § 40-7-103. "Probable cause exists where the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Campbell*, 486 F.3d 949, 957 (6th Cir. 2007) (alteration in original) (quoting *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1508 (6th Cir. 1988)).

The Tennessee Supreme Court has clarified that "willful or wanton disregard for the safety of persons or property" is an essential element of the offense of reckless driving. *State v. Wilkins*, 654 S.W.2d 678, 679 (Tenn. 1983). It involves a "heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another." *Id.* (quoting *Burgess v. State*, 369 S.W.2d 731, 733 (Tenn. 1963)). According to the Tennessee Supreme Court, "[w]illful and wanton disregard for another's safety is a factual question properly determined from all the circumstances." *Wilkins*, 645 S.W.2d at 680.

Considering all the circumstances in this case, the Court agrees with Magistrate Judge Shirley's determination that there was probable cause to support Defendant's arrest for reckless driving. As more thoroughly discussed in the R&R, Officer Sisk observed Defendant: (1) exceeding the speed limit by twenty-five miles per hour; (2) failing to signal when passing another vehicle; (3) tailgating the vehicle in front of him; and (4) abruptly

changing lanes in front of a car causing the driver to "slam" its brakes and rock forward. [Doc. 37 at 18-19.] Furthermore, all of this activity occurred while pedestrians were on nearby sidewalks. *See State v. Archey*, No. M2001-02148-CCA-R3-CD, 2002 WL 1732355, at *4 (finding the presence of people near a red light a relevant circumstance for reckless driving). Contrary to Defendant's contention, Officer Sisk observed Defendant doing more than simply speeding. Considering all of these circumstances, there was probable cause for Officer Sisk to arrest Defendant for reckless driving under Tenn. Code Ann. § 55-10-205. Accordingly, Defendant's objection is **OVERRULED**.

### C.    Objection 3: Public Intoxication Finding

Defendant objects to Magistrate Judge Shirley's finding that there was probable cause to arrest him for the offense of public intoxication. Defendant contends that there is no testimony or visual evidence that he was a nuisance or a danger to himself or others. Defendant argues that video evidence fails to show any balance or belligerence problems. He also argues that the in-cruiser video shows that his language was normal and not that of an intoxicated person. The Government responds that it agrees with Magistrate Judge Shirley's findings, analysis, and conclusions. The Government further encourages the Court to wholly adopt Magistrate Judge Shirley's R&R.

Tennessee's public intoxication statute provides:

A person commits the offense of public intoxication who appears in a public place under the influence of a controlled substance or any other intoxicating substance to the degree that: (1) The offender may be endangered; (2) There is endangerment to other persons or property; or (3) the offender unreasonably annoys people in the vicinity.

Tenn. Code Ann. § 39-17-310. As thoroughly discussed by Magistrate Judge Shirley, the combination of circumstances in this case gave Officer Sisk probable cause to arrest Defendant for public intoxication. Tennessee's public intoxication statute first requires that a person "appear[] in a public place under the influence of a controlled substance or any other intoxicating substance." Tenn. Code Ann. § 39-17-310(a). In the present case, this requirement is satisfied by Officer Sisk's testimony that he observed Defendant having "red, watery, bloodshot eyes and a strong, intense odor of burnt marijuana on his person" in Weigel's convenience store, a public place. [Doc. 37 at 23.] The Court's review of the exhibit videos does not confirm nor contradict Officer Sisk's testimony regarding the appearance of Defendant's eyes or, of course, the odor emanating from his person. [*See* Doc. 32, Exhibits 2, 3.] Thus, like Magistrate Judge Shirley, the Court relies on Officer Sisk's credibility as to his observations of Defendant's eyes and odor indicating marijuana intoxication.

Tennessee's public intoxication statute also requires that (1) the offender may be endangered; (2) other persons or property may be endangered; (3) or the offender may be an unreasonable annoyance to other people in the vicinity. Tenn. Code Ann. § 39-17-310. As discussed by Magistrate Judge Shirley, this "degree" requirement was satisfied based on Officer Sisk's observations of Defendant while driving, including his speeding, tailgating, and abrupt changing of lanes in the presence of other drivers and pedestrians. Such activities indicated that Defendant may have been a danger to himself, a danger to others or property, and an unreasonable annoyance to people in the vicinity if he were to continue driving. In

light of these circumstances, the Court finds that there was probable cause to arrest Defendant for public intoxication, and Defendant's objection is **OVERRULED**.

## III. CONCLUSION

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 40] of Magistrate Judge Shirley, and Defendant's motion to suppress [Doc. 22] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE