UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No. | 3:07-CR-151 |
| | ) | | (VARLAN/SHIRLEY) |
| CHARLES D. ELDER, | ) | | |
| | ) | | |
| Defendant. | ) | | |

# MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant's Objection to Report and Recommendation of Magistrate Judge Shirley to the "Schoolhouse Statute." [Doc. 39.] On July 2, 2008, United States Magistrate Judge C. Clifford Shirley filed a Report and Recommendation ("R&R") [Doc. 38], in which he recommended that the Motion to Dismiss [Doc. 27] be denied. This matter is before the Court on Defendant's objections [Doc. 39] to the R&R.

## I. STANDARD OF REVIEW

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendants have objected. In doing so, the Court has carefully considered the underlying briefs [Docs. 27, 30], and the parties' briefs regarding the pending objections. [Docs. 39, 43.] The Court has also reviewed the transcripts of the hearing before Magistrate Judge Shirley on June, 2, 2008, and considered the arguments of counsel presented on June 2, 2008. [*See* Doc. 37.] The Court has also reviewed the exhibits

relevant to the motion to dismiss. [*See* Doc. 32.] For the reasons set forth herein, the Court will overrule Defendant's objections, and the motion to dismiss will be denied.

## II. RELEVANT FACTS

As found by Magistrate Judge Shirley and stipulated to by the parties, Green Hills Elementary School is located within 1,000 feet of the location where Defendant parked his vehicle and entered the convenience store. While within 1,000 feet of Green Hills Elementary School, Defendant was arrested when an amount of crack cocaine was removed from Defendant's person. [*See* Docs. 37 at 11, 13; 38 at 3.]

## III. ANALYSIS

Title 18 U.S.C. § 860(a) provides for enhanced penalties for "[a]ny person who violates section 841(a)(1) of this title or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary . . . school." Defendant objects to the R&R based on his contention that 18 U.S.C. § 860(a) ("Schoolhouse Statute") is inapplicable to the present case. Defendant argues that he merely drove by a school and that he had no intent to be at a school, that he was not at a school, and that he was not near an in-session school. In making this argument, Defendant relies on *United States v. Coates*, 739 F. Supp. 146 (S.D.N.Y. 1990), and *United States v. Liranzo*, 729 F. Supp. 1012 (S.D.N.Y. 1990). The Government responds that it agrees with Magistrate Judge Shirley's findings, analysis, and conclusions. The Government further encourages the Court to wholly adopt Magistrate Judge Shirley's R&R.

In the cases relied on by the Defendant, the district courts found the Schoolhouse Statute inapplicable to the particular facts of those cases. In *United States v. Coates*, the defendants were arrested in a train station that was located within 1,000 feet of a technical school located in an office complex above and adjoining the train station. 739 F. Supp. at 153. The *Coates* court found that applying the Schoolhouse Statute to such "fortuitous circumstances [was] simple overreaching." *Id.* In *United States v. Liranzo*, the district court reached a similar conclusion in the case of a defendant who possessed cocaine while at a bus terminal that was within 1,000 feet of a school. 729 F. Supp. at 1013-14.

While *Coates* and *Liranzo* provide support for Defendant's position, these cases are also factually distinguishable from the present case. For instance, *Coates* and *Liranzo* involved defendants traveling via mass transportation in vehicles operated by another person. The stops, located within 1,000 feet of a school, were determined by someone other than the respective defendants. In other words, the defendants were within 1,000 feet of a school zone due to the actions of an independent third party, namely the respective train and bus operator. In contrast, the Defendant was in control of his vehicle and voluntarily chose to stop at the Weigel's convenience store located within a school zone. Additionally, Defendant's characterization that he merely drove by a school zone is inconsistent with the stipulated fact that he stopped and exited his vehicle within 1,000 feet of a Green Hills Elementary School. [*See* Docs. 37 at 11, 13; 38 at 3.] These factual distinctions raise questions as to whether the Defendant's case is one of "fortuitous circumstances" contemplated by the district courts in *Coates* and *Liranzo*. *Coates*, 739 F. Supp. at 153.

Even if the facts of *Liranzo* and *Coates* were sufficiently similar to those in the present case, the Court is persuaded by more recent circuit court opinions that have rejected the narrower interpretation of the Schoolhouse Statute. As thoroughly discussed in the R&R, several circuit courts have determined that 18 U.S.C. § 860 applies to cases where a defendant is in possession of drugs within 1,000 feet of a school even if intending to distribute the drugs somewhere else. *See United States v. Harris*, 313 F.3d 1228, 1240 (10th Cir. 2002); *United States v. Ortiz*, 146 F.3d 25, 28 (1st Cir. 1998); *United States v. McDonald*, 991 F.2d 866, 868 (D.C. Cir. 1993), *United States v. Rodriguez*, 961 F.2d 1089 (3d Cir. 1992); *United States v. Wake*, 948 F.2d 1422 (5th Cir. 1991). This interpretation is supported by the language of the statute. As noted by the Third Circuit and D.C. Circuit, the "within one thousand feet" language in the Schoolhouse Statute qualifies the actions of "distributing" and "manufacturing," so it follows that it also qualifies the action of "possessing" rather than the phrase "with intent to distribute." *McDonald*, 991 F.2d at 869; *Rodriguez*, 961 F.2d at 1093 (disagreeing with the *Liranzo* court's interpretation of the Schoolyard Statute).

As noted by the Third and Fifth Circuit, the legislative history accompanying the amendments to the Schoolhouse Statute also indicates that "Congress' focus was on the quantity of drugs a defendant possess within 1,000 feet of a school, not the location of the subsequent distribution." *United States v. Wake*, 948 F.2d 1422, 1432 (5th Cir. 1991); *see also Rodriguez*, 961 F.2d at 1092 (citing 134 Cong. Rec. S17,360, S17,365 (daily ed. Nov. 10, 1988) (statement of Senator Biden); 134 Cong. Rec. S14,067, S14, 071 (daily ed. Oct.

4

3, 1988) (statement by Senator Nunn)). According to the legislative history, "possession with intent to distribute" was added as an offense under the Schoolhouse Statute "so that the enhanced penalties would apply to someone apprehended near a school with a quantity of drugs sufficient to indicate an intention to distribute." *Rodriguez*, 961 F.3d at 1092. Furthermore, the inclusion of "manufacturing" as an offense under the Schoolyard Statute reflects that the "statute was directed at the mere presence of drugs near schools." *Wake*, 948 F.2d at 1431.

As discussed above, the Court is persuaded by the First, Third, Fifth, Tenth, and D.C. Circuits' rationale in interpreting the Schoolhouse Statute. Additionally, such an interpretation comports with Sixth Circuit law. In *United States v. Lloyd*, the Sixth Circuit determined that a jury need not find an intent on the part of a defendant to deliver drugs within 1,000 feet of a school zone for 21 U.S.C. § 860 to be applicable. *United States v. Lloyd*, 10 F.3d 1197, 1218 (6th Cir. 1993). The Sixth Circuit has also recognized that "lack of knowledge of the proximity of a school" is not an element of an offense under 21 U.S.C. 860. *United States v. Cross*, 900 F.2d 66, 69 (6th Cir. 1990). In light of *Cross*, the Court also notes that Defendant's argument that he had "no intent to be at a school, was not at a school and school was not in session" unpersuasive since knowledge of the proximity of a school zone is not an element under the Schoolhouse Statute.

Thus, Defendant's objection to Magistrate Judge Shirley's determination that 21 U.S.C. § 860 is applicable to the present case is **OVERRULED**.

## III. CONCLUSION

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Magistrate Judge Shirley [Doc. 38], whereby the Defendant's Motion to Dismiss "Schoolhouse" Statute in the Superseding Indictment Because of Its Inapplicability to the Facts and Circumstances in this Case [Doc. 27] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE