IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-151 |
| | ) | (VARLAN/SHIRLEY) |
| CHARLES ELDER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter came before this Court by Order [Doc. 52] referring the United States' Motion for Inquiry Concerning Possible Conflicts of Interest and Memorandum in Support Thereof [Doc. 48] to this Court pursuant to 28 U.S.C. § 636(b)(1). A hearing on the motion was held September 16, 2008. Assistant United States Attorney David Lewen was present on behalf of the Government. Attorney Douglas Trant was present on behalf of the Defendant, who was also present.

In its motion, the Government requests an on-the-record inquiry regarding a potential conflict of interest presented by the fact that Mr. Trant previously represented Sergeant Rob Taylor, a primary witness for the Government. Mr. Trant represented Sergeant Taylor in an employment matter from approximately 1998 to 2001. The Government asks that the Court determine whether a potential or actual conflict exists and whether a waiver of the conflict would be appropriate. [Doc. 48 at 3.] The Government believes that a conflict may be present because Mr. Trant owes a duty of loyalty to both Sergeant Taylor, as a former client, and the Defendant, his present client.

At hearing, the Government expressed the belief that Mr. Trant must obtain a waiver from both Sergeant Taylor and the Defendant before continuing the representation. Mr. Trant

responded that his representation of Sergeant Taylor was not related to this case and would not interfere with his ability to conduct the case. Mr. Trant felt that his ability to cross-examine Sergeant Taylor would not be affected because the prior representation did not include information that would be appropriate grounds for impeachment since the outcome of the representation favored Officer Taylor.

The Sixth Amendment right to counsel encompasses the right to have representation that is not inhibited or impaired by the attorney's duty to simultaneously represent conflicting interests. Glasser v. United States, 315 U.S. 60, 70 (1942). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

This Court has adopted the Rules of Professional Conduct adopted by the Supreme Court of Tennessee insofar as they relate to matters within the jurisdiction of the Court. E.D. Tenn. Local R. 83.6 (2008). Rule 1.9 of the Tennessee Rules of Professional Conduct addresses conflicts of interests with former clients. Rule 1.9 instructs:

> Unless the former client consents after consultation, a lawyer who has formerly represented a client in a matter, . . . shall not thereafter

2

Case 3:07-cr-00151-TAV-CCS   Document 55   Filed 09/29/08   Page 2 of 4   PageID #: 177

> use information relating to the representation to the disadvantage of the former client except as these Rules otherwise permit or require with respect to a client, or when the information has become generally known . . . ."

Tenn. Sup. Ct. R. 8, Rule 1.9(c) (internal punctuation omitted). When determining whether the representation is appropriate, a court should consider "the scope of the representation in the former matter, the scope of the proposed representation in the current matter, and its relationship to the former matter." Tenn. Sup. Ct. R. 8, Rule 1.9 cmt. 2.

The Sixth Circuit Court of Appeals recently addressed potential former client conflicts of interest in United States v. Robinson, 2008 WL 2847280 (6th Cir. 2008). In Robinson, the defendant's counsel had previously represented two co-conspirators who were the primary witnesses against the defendant. Id. at *3. Defendant's counsel informed the court that neither of his former clients had implicated the defendant during the course of representation. Id. The district court conducted a hearing and went over the problems presented by the representation with the defendant including possible restrictions on cross-examination. Id. at *4. The defendant stated that he understood, and he waived the potential conflict of interest in writing. Id. The court accepted the defendant's waiver on the condition that a waiver from both former clients be attained. Id. In addition, all parties stipulated that another attorney would act as co-counsel and cross-examine the former clients. Id. On appeal, the Sixth Circuit Court of Appeals denied defendant's contention that his waiver was involuntary or unknowning. Id. at *5.

In the present case, there is the potential for a conflict of interest, but since there is no evidence thus far that confidential information from the former representation will be used in the current representation, no actual conflict of interest currently exists. The Court finds the procedure used in Robinson to address potential conflicts of interest to be instructive. The Court will hold a

3

Case 3:07-cr-00151-TAV-CCS   Document 55   Filed 09/29/08   Page 3 of 4   PageID #: 178

hearing to inform the Defendant of the potential problems with Mr. Trant continuing to represent the Defendant.  If, after being informed of the potential pitfalls of the representation, the Defendant chooses to make a waiver in writing and Mr. Trant obtains a written waiver from Sergeant Taylor, the Court will allow the representation to continue.

Accordingly, the United States' Motion for Inquiry Concerning Possible Conflicts of Interest and Memorandum in Support Thereof **[Doc. 48]** is **GRANTED**.  A hearing will be scheduled to make an inquiry into whether both Sergeant Taylor, Mr. Trant's former client, and the Defendant, his current client, will waive the potential conflicts of interest in this case and, thus, allow Mr. Trant to continue representing the Defendant.

**IT IS SO ORDERED**.

**ENTER**:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4